Gorman, J.
The sole question to be determined in this case is Whether or not under the bulk sales law, Sections 11102, 11103 and 11103-1, General Code (103 O. L., 462), it is sufficient to hold the purchaser of goods and .chattels in bulk as a trustee, that a creditor give written notice within ninety days from the date of the sale. It 'is claimed by the defendant, Blanche Faucett, that something more than a mere written notice should be given; that an action should be commenced in a court of competent jurisdiction within ninety days from the date of the sale in order to hold the purchaser of goods under the bulk sales law a trustee for the benefit of creditors of the seller.
The sections of the General Code referred to provide as follows:
*48 “Sec. 11102. The sale, transfer or assignment, in bulk, of any part or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conducting of said business, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the sellers, transferrer or assignor, shall be void as against the creditors of the 'seller, transferrer, assignor, unless the purchaser, transferee or assignee demands and receives from the seller, transferrer or assignor a written list of names and addresses of the creditors of the seller, transferrer and assignor, 'with the amount of the indebtedness due or owing to each and certified by the seller, transferrer and assignor, under oath, to be a full, accurate and complete list of his creditors, and' of bis indebtedness; and unless the purchaser, transferee or assignee shall, at least five (5) days before taking possession of such merchandise, or merchandise and fixtures, or paying therefor, notify personally, or by registered mail, every creditor whose name and address appears in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof.
“Sec. 11103. Sellers, transferrers and assignors, purchasers, transferees and assignees, under this act shall include corporations, associations, co-partnerships and individuals, but nothing contained in this act 'shall apply to sales by executors, administrators', guardians, receivers, trustees in bankruptcy or by any public officer under judicial process.
*49 “Sec. 11103-1. Any purchaser, transferee or assignee, who shall not Conform to the provisions of this act, shall at any time within ninety days after such sale upon application of any of the creditors of the seller, .transferrer, or assignor, become a trustee and be held accountable to such creditors for all the goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale, transfer or assignment, provided, however, that any purchaser, transferee, or assignee, who shall conform to the provisions of this act shall not in any way be held accountable to any creditor of the .seller, transferrer or assignor, or to the seller, transferrer or assignor for any of the goods, wares, merchandise or fixtures that have come into the possession of said purchaser, transferee or assignee by virtue of such sale, transfer or assignment.”
We are of the opinion that the mere serving of a notice upon the purchaser within the ninety days provided by this statute is not sufficient to hold the purchaser as a trustee for the benefit of the seller’s creditors, but that the word “application,” as used in the statute, means something more than a written notice. A fair construction of this statute requires us to hold that it means some formal action to be taken in a court of competent jurisdiction, which would have the power to declare the purchaser to be a trustee under the statute for the benefit of the creditors of the seller.
While the language of the statute provides that sales made in contravention of this statute shall be void, nevertheless the sale is only void as to creditors, and it is not void at all, but merely voidable, *50 because if no proceedings are taken by the creditors to question the validity of the sale, or to have a trust declared, after the expiration of the time provided in the 'statute for making the application the sale becomes absolute. The sale is perfectly good as between the purchaser and the seller, but is voidable only at the’instance of a creditor or creditors, .and, in order to avoid the sale, some proceeding must be commenced, Within the time prescribed in the statute, to have the sale declared void and the purchaser a trustee for the benefit of creditors.
In this case it is undisputed that the provisions of Section 11102, General Code, were not complied with, either by the seller or by the purchaser, and the failure to so comply made the purchaser liable as a trustee for the benefit of the creditors of the seller. But the creditor on his part w.as obliged to do something more than merely serve written notice upon the purchaser, in order to save his rights and assert his claim. He could not sleep upon his rights, and take no action to have a proper determination of 'his rights and a formal holding of a court of a competent jurisdiction that the property was held in trust for the benefit of creditors.
- Section 11103-1, above set out, provides, among other things, that “any purchaser, transferee or assignee, who shall not conform to the provisions of this act, shall at any time within ninety days after such sale upon application of any of the creditors of the seller, transferrer, or assignor, become a trustee and be held accountable to such creditors for all the goods, wares, merchandise and fixtures that have come into his possession by virtue of *51 such sale,” etc. This word “application” does not mean an application to the purchaser, because the language of the statute does not say “upon application to the purchaser,” but says “upon application of any of the creditors.” We hold 'that this “application” means an application to the court in some formal manner to bring the matter before a tribunal that will have the power and jurisdiction to pas's upon the question and declare the trust.
No such proceedings were taken in this case within the ninety days after the sale, and because of the failure of the creditors, the plaintiff in this case or any other creditor, to take such proceeding within the ninety 'days we hold 'that the plaintiff has failed to establish a case calling for the interposition of a court of equity to hold the defendant, 'Blanche Faucett, a trustee for the benefit of the creditors of the Elcooks.
We have been unable to find any case in which this question has been considered, but upon a fair construction of the statute, and upon reason, we think that the statute should be so construed as to require the creditor to bring some proceeding in a court of competent jurisdiction within the ninety days provided for in Section 11103-1, General Code.
There appears to be no good reason why in this case 'an action could not have been brought within the ninety days after the sale. The creditors had ample time to ascertain whether or not the goods had been sold as an entirety; the legislature has given them ninety 'days within which to ascertain whether or not the goods have been sold. Neither equity nor law favors delays, and those who have *52 rights to assert must assert them promptly and speedily. In this ease the creditor has been woefully lax in asserting its claim, waiting for nearly eighteen months after the sale before bringing a proceeding in the common pleas court. It is no hardship upon creditors who have claims to assert against a seller of goods in bulk to require them to bring actions speedily if the claims are not paid.
. For the reasons stated we hold that the plaintiff failed to establish a case calling for the exercise of the equity powers of this court under the statute; and the petition of plaintiff will therefore be dismissed at plaintiff’s cost.

Petition dismissed.

Jones, P. J., and Hamilton, J., concur.