Hughes, J.
The plaintiff in error brought an action against the defendant in error as constable, to recover possession of a stock of goods held by the constable under a writ of attachment.
The judgment below was in favor of the defendant, and motion for new trial was overruled. In this court the parties have by written agreement conceded the facts, upon which the lower court entered this judgment, to be in substance as follows:
One Williams sold to plaintiff, John Fayes, his entire stock of goods, groceries and fixtures without complying with the bulk sales statutes of Ohio. A creditor of Williams, about forty days after the sale to Fayes, brought an action of attachment, and the constable took possession of these goods thereunder upon the theory that the sale of the goods by Williams to Fayes was void under Section 11103-1, General Code. There were no steps taken by this *93 creditor, or any other creditor, in the court of common pleas or any other court having jurisdiction, to have the purchaser Fayes declared a trustee, accountable to the creditors of Williams.
If we had no bulk sales statute in Ohio this sale and delivery of the goods to Fayes by Williams would be a valid sale, and no creditor could attack Fayes’ title without showing that it had been made in fraud of creditors, which is not claimed here.
We are quite clear that the only creditors for whom such a purchaser as Fayes might be made the trustee, and held accountable to, are the creditors, and those creditors only, who file their application under Section 11103-1, General Code, in the proper court to have the trust declared.
That this is the correct interpretation of our bulk sales statutes we think is made manifest by the judicial pronouncements. Slifer Packing Co. v. Elcook et al., 10 Ohio App., 45, and United Sales Promotion Co. v. Anderson, 100 Ohio St., 58.
Upon authority of these two cases we are quite satisfied that the judgment of the court below is contrary to law, and that the motion for new trial should have been allowed upon that ground.

Judgment reversed, and cause remanded.

Crow and Warden, JJ., concur.